IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENO DIAMOND MONTEZ, | ) | Case No. 3:21-cv-643 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JAY FORSHEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner Jeno Diamond Montez, an Ohio prisoner serving a 14-year aggregate prison term for aggravated drug trafficking and engaging in a pattern of corrupt activity, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Doc. 1.  Montez asserts four grounds for relief:

> **Ground One**: Montez was denied due process when the State refused to provide Montez with trial transcripts at the State's expense and denied Montez any discovery as it was labeled for his counsel's eyes only.  *See* ECF Doc. 4 at 5-6.

> **Ground Two**: There was insufficient factual basis to support his conviction because the information was supplied by interested parties.  *See id.* at 7-8.

> **Ground Three**: Montez received ineffective assistance of counsel based on advising Montez to enter a plea without a factual basis and failing to file an appeal. *See id.* at 8-10.

> **Ground Four**: There was a lack of evidence with which to substantiate the charges and conviction.  *See id.* at 10-11.

Respondent, Warden Jay Forshey, filed a return of writ, arguing that: (i) Montez's § 2254 petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996's

("AEDPA") one-year statute of limitations; (ii) Montez's claims were procedurally default; and

(iii) Montez's claims were noncognizable, waived or otherwise meritless.  ECF Doc. 9.  Montez

filed a traverse.  ECF Doc. 10.

Because Montez's § 2254 petition is untimely, I recommend that Montez's claims be

DISMISSED and that his petition for a writ of habeas corpus be DENIED.  I further recommend

that Montez not be granted a certificate of appealability.

I.      **State Court History**

    A.      **Conviction and Sentencing**

On December 7, 2017, a Defiance County, Ohio, grand jury issued an indictment that

charged Montez with: four counts of aggravated drug trafficking in violation of Ohio Rev. Code.

§ 2925.03(A)(1)(C)(1)(d) (Counts 1, 2, 4, and 6); one count of aggravated drug trafficking in

violation of Ohio Rev. Code. § 2925.03(A)(1)(C)(1)(c) (Count 3); two counts of trafficking in

cocaine in violation of Ohio Rev. Code. § 2925.03(A)(1)(C)(4)(a) (Counts 5 and 7); one count of

trafficking in cocaine with a major drug offender specification in violation of Ohio Rev. Code

§ 2925.03(A)(1)(C)(4)(g) (Count 8); and one count of engaging in a pattern of corrupt activity in

violation of Ohio Rev. Code. § 2923.32(A)(1)(B)(1) (Count 9).  ECF Doc. 9-1 at 5-11.  Montez

entered a plea of not guilty.  *Id.* at 14.

In response to Montez's request for discovery pursuant to Criminal Rule 16, the state

provided discovery to Montez's counsel which included various video and audio

communications between Montez and his co-defendants and with confidential informants,

photographs, lab reports, witness statements and police reports, all of which were marked

"counsel only."  *Id.* at 17-24, 26-28.  Montez submitted a supplemental request for discovery,

wherein he requested: (i) copies of warrants issued to justify the search of bank records, the

placement of surveillance cameras and GPS trackers, and video surveillance; (ii) statements of persons involved in the underlying criminal incidents; and (iii) the identity and criminal records of confidential informants. *Id.* at 30-31.  The state responded that Montez lacked standing to challenge the issuance of warrants, refused to provide information on two confidential informants but agreed to provide information on two others, and stated that some of the requested statements had already been produced but agreed to produce the other statements. *Id.* at 33-34.  The state then provided supplemental discovery, which again was labeled as "counsel only." *Id.* at 36-39.

On July 9, 2018, Montez agreed to plead guilty to Counts 1, 2, 8, and 9. *Id.* at 41-42. The state agreed to dismiss the major drug offender specification on Count 8 and to dismiss the remaining counts. *Id.*  at 41, 46.  During the plea colloquy, the court asked Montez if he wished to enter guilty pleas and he answered affirmatively several times after an initial statement that he had doubts. EF Doc. 9-2 at 7.  After the court conveyed the potential penalties for the charges to which he was pleading guilty, Montez confirmed that he understood the potential penalties. *Id.* at 7-10.  The court explained that if Montez entered pleas of guilty, he was admitting that the charges were true and the state would no longer have to prove anything, to which Montez answered that he understood. *Id.* at 12.  The court stated that Montez still had a right to appeal but explained that it would be hard to convince the court of appeals that a mistake was made if he entered guilty pleas, and Montez answered that he understood. *Id.* at 14.  Finally, in response to questions from the court, Montez stated that he was not induced to enter the pleas by threats or promises, that the pleas were of his own free will, and that the pleas were in his best interest. *Id.* at 15-17.

3

After conducting the plea colloquy, the trial court accepted Montez's pleas and found him guilty of Counts 1, 2, 8, and 9.  ECF Doc. 9-1 at 41-48; ECF Doc. 9-2 at 23.  The court sentenced Montez to an aggregate prison sentence of 14 years, consisting of: (i) a mandatory 8-year term on Count 1; (ii) a mandatory 10-year term on Count 2, to be served concurrently with Count 1; (iii) a mandatory 10-year term on Count 8, to be served concurrently with Counts 1 and 2; and (iv) a 4-year term on Count 9, to be served consecutively to all other terms.  *Id.* at 45.  The judgment was entered on July 17, 2018.  *Id.* at 41.

## B.      Direct Appeal

On November 30, 2018, Montez, now proceeding *pro se*, filed a motion for a delayed appeal pursuant to Ohio Rule of Appellate Procedure 5(A), *id.* at 51, and a notice of appeal to the Ohio Court of Appeals from his judgment of conviction and sentence, *id.* at 53.  In an accompanying affidavit, Montez attested that: (i) he informed his trial counsel that he wished to appeal his sentence and conviction immediately following sentencing; (ii) his counsel stated that he would give notice of appeal; (iii) afterwards, he and his family attempted to contact his counsel to no avail; and (iv) he discovered that his counsel had not filed a notice of appeal after the Ohio Public Defender's office sent him forms and asked him to explain why he did not file a timely notice of appeal.  *See id.* at 64.

On January 22, 2019, the Ohio Court of Appeals denied Montez's motion for a delayed appeal.  *Id.* at 75-76.  The court provided the following explanation for its denial:

> Upon consideration, the Court finds that Appellant's motion does not set forth sufficient reason for his failure to timely file a notice of appeal from the July 17, 2018 judgment of conviction and sentence, entered after the trial court accepted Appellant's negotiated pleas of guilty.  App.R. 5(A).  The judgment reflects that Appellant appeared with counsel; the trial court provided the explanation of rights afforded under Crim.R. 32; Appellant gained the benefit of his negotiated pleas of guilty; and the agreed upon sentence recommendation was made and followed.

4

> Appellant's assertion regarding his private conversation with counsel is both self-serving and unsubstantiated.  Accordingly, the motion is not well taken.

*Id.* at 75.  Montez did not seek to appeal this ruling to the Ohio Supreme Court.

### C.        Post-judgment Motions

On December 13, 2018, Montez filed a motion to inspect the grand jury minutes, arguing that there was no evidence to support his indictment and that he was induced into entering a guilty plea by "false promises" from his trial counsel.  *Id.* at 80-83.  On December 19, 2018, the trial court denied this motion.  Montez did not appeal this ruling to the Ohio Court of Appeals.

On February 27, 2019, Montez filed a petition to vacate or set aside the judgment of conviction or sentence, seeking a vacatur of his conviction.  *Id.* at 87-90.  In this petition, Montez raised two constitutional claims: (i) "Trial court failed to give petitioner notice of his right to direct appeal"; and (ii) "Petitioner was denied due process and equal protection of laws, based on jurisdiction."  *Id.* at 87-88.  In support of his first claim, Montez stated: "Once petitioner learned at the Noble Corr. [sic] that trial counsel had not given notice of appeal, petitioner filed delayed appeal and was denied."  *Id.* at 87.  In support of his second claim, Montez stated: "The State provided no proof that petitioner ever sold drugs in the State of Ohio!  There was no evidence of the petitioner ever offering to sell or an acceptance to the offer from any State witness."  *Id.* at 88.  He further stated that he offered no evidence of this claim because "defense counsel never provided any discovery to his client (petitioner) nor has the petition [sic] had access to any form of transcripts.  The State has put impediments in the path of the petitioner, denying him the right to appeal."  *Id.*

On April 1, 2019, the trial court denied Montez's petition for post-conviction relief.  *Id.* at 101-03.  The court found that Montez raised the following claims: (i) he was not advised of his right to appeal at the time when he entered his guilty pleas; (ii) he was deprived of due process

because the state failed to provide adequate evidence to convict him; and (iii) he was deprived of due process based on ineffective assistance of counsel.  *Id.* at 102-03.  The court further determined that each claim was without merit.  *Id.*

Montez did not file an appeal from the trial court's denial of his petition to vacate his conviction.

### D.    Federal Habeas Petition

Montez, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court on February 24, 2021.  Montez alleged four claims for relief:

> **GROUND ONE:** Denial of Due Process.
>
> **GROUND TWO:** There was no factual basis that Jeno Montez was ever in possession or offered to sell any controlled substances.
>
> **GROUND THREE:** Trial Counsel was ineffective by giving petitioner bad [advice] and failing to give Notice of Appeal.
>
> **GROUND FOUR:** There were never any drugs or buy money taken in connection to any drug sales, or drugs taken from the petitioner.

ECF Doc. 4 at 5-10.

## II.    Statute of Limitations

In his petition, Montez contends that the one-year statute of limitations under 28 U.S.C. § 2244(d) does not bar his petition because he has continually fought for the right to appeal and the law library was closed to inmates due to COVID-19 for nearly a year.  ECF Doc. 4 at 13-14.

Warden Forshey contends that the court should dismiss Montez's § 2254 petition as time-barred under 28 U.S.C. § 2244(d)(1)(A).  ECF Doc. 9 at 15-19.  Warden Forshey argues that Montez's conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on August 16, 2018, upon the expiration of the time to commence a direct appeal from his July 18, 2018 judgment of conviction and sentence.  The warden argues that the statute of limitations began to run the

following day on August 17, 2018.  *Id.* at 16.  Warden Forshey computes the expiration of the statute of limitations as follows:

> The statute ran for 105 days until it was tolled on November 30, 2018 due to the filing of Montez's delayed appeal.  The statute was tolled until January 22, 2019, when the appellate court denied leave to appeal.  It ran for 35 days from January 23, 2019 until February 27, 2019, when Montez filed a petition for post-conviction relief.
>
> The statute was again tolled until April 1, 2019, when the trial court denied his petition. The statute of limitations started running again on April 2, 2019 and expired (365-140) 225 days later on November 13, 2019.

*Id.* at 16-17 (footnote omitted).  Warden Forshey further argues that, even if Montez were granted equitable tolling – based upon his claim that he was unaware that no direct appeal had been commenced despite is alleged instruction – and the statute of limitations was deemed not to have commenced to run until after the Court of Appeals denied leave to pursue a delayed appeal, Montez's habeas petition is still untimely because, under this scenario:

> The statute was tolled from November 30, 2018 [when Montez filed a motion for delayed appeal] until January 22, 2019, when the appellate court denied leave to appeal. It ran for 35 days from January 23, 2019 until February 27, 2019, when Montez filed a petition for post-conviction relief.  The statute was again tolled [until] April 1, 2019, when the trial court denied his petition.  The statute of limitations started running again on April 2, 2019 and expired 330 (365-35) days later on February 26, 2020. Montez's habeas petition filed on February 24, 2021 would have been a year overdue.

*Id.* at 17.

Although Montez acknowledged the warden's statute of limitations argument, ECF Doc. 10 at 1, he failed to respond to it.  Instead, he devoted most of his traverse to a restatement of the claims asserted in his petition.  *See generally* ECF Doc. 10.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  The one-year statute of limitations is tolled during the pendency of properly filed motions for post-conviction relief or other collateral proceedings.  *Id.* § 2244(d)(2).  A motion is "properly filed" when it complies with the state's rules governing filing, which include time limits on delivery.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Untimely filings have no tolling effect.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 417 (2005).  Once the one-year period has expired, it cannot be revived by subsequent state collateral review proceedings.  *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 460 (6th Cir. 2012).

Under § 2244(d)(1)(A), if the petitioner filed a petition of for writ of certiorari in the United States Supreme Court, his conviction becomes final when the Court affirms the conviction or denies the petition.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  In all other cases, a conviction becomes final the time in which to pursue direct review, either in the United States Supreme Court or in the state court, has expired.  *Id.*  In Ohio, a convicted person has 30 days after the judgment of conviction to appeal to the Ohio Court of Appeals. Ohio App. R. 4(A)(1).  When a petitioner does not seek review within that thirty day time period, the conviction becomes final at the end of the thirty day period, and the AEDPA limitations

8

period begins to run the next day.[1]  *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

Here, the trial court entered the judgment of conviction and sentence against Montez on July 17, 2018.  Thus, Montez had until August 16, 2018 to appeal his convictions and sentences to the Ohio Court of Appeals. Because he did not do so, the AEDPA statute of limitations began to run the next day and would have expired on Monday, August 19, 2019, absent tolling of the statute of limitations.

The statute of limitations ran for 105 days but was tolled when Montez filed his motion for a delayed appeal on November 18, 2018.  *See Searcy v. Carter*, 246 F.3d 515, 518-20 (6th Cir. 2001) (holding that a motion for a delayed appeal tolls one-year statute of limitations for filing a habeas petition but does cause the statute to restart); *see also Winkfield v. Bagley*, 66 F. App'x 578, 582 (6th Cir. 2003) (applying the tolling rule to motions under Ohio Appellate Rule 5(A)).  The Ohio Court of Appeals denied the motion for a delayed appeal on January 22, 2019, causing the statute of limitations to being running once more on January 23, 2019 – with 260 days remaining.  It ran for 35 days until it was tolled when Montez filed his petition to vacate or set aside judgment of conviction or sentence on February 27, 2019.  On April 1, 2019, the trial court denied Montez's petition to vacate, causing the statute of limitations to begin running again on April 2, 2019 – now with 225 days remaining.  The statute of limitations ran for the remaining 225 days and expired on November 13, 2019.

---

[1] If a defendant files a timely appeal with the Ohio Court of Appeals, he has 45 days to file an appeal with the Ohio Supreme Court following the Ohio Court of Appeals' decision.  *See* Ohio Supreme Court Practice Rule 7.01(A)(1)(a).  When a petitioner does not seek review within that 45-day period, the trial court judgment becomes final at the end of that period.  Thus, the statute of limitation begins to run the next day.  *See* Fed. R. Civ. P. 6(a)(1).

Montez did not appeal the trial court's denial of his petition to vacate, nor did he file any other application for state post-conviction or other collateral review that could serve as a tolling motion under 28 U.S.C. § 2244(d)(2).  Montez filed the instant 28 U.S.C. § 2254 habeas petition on February 24, 2021 – 469 days after the statute of limitations expired.  Accordingly, Montez's petition is untimely and due to be dismissed, unless Montez can demonstrate that equitable tolling is warranted, or he raises a claim of his actual innocence.

## III.    Statute of Limitations Exceptions

As an initial matter, Montez has not argued that he is entitled to equitable tolling or that an actual innocence claim should excuse his failure to file a timely petition.  *See* ECF Doc. 10. Thus, Montez has forfeited any such argument. *Wagner v. United States*, 805 F. App'x 354, 360 (6th Cir. 2020) ("A party forfeits arguments 'not squarely presented to the district court.' *Thomas M. Cooley Law Sch. V. Kurzon Strauss, LLP*, 759 F.3d 522, 528 (6th Cir. 2014)."); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].").  However, even if Montez had raised such arguments, they would still fail on the merits.

### A.    Equitable Tolling

Warden Forshey argues that Montez has failed to demonstrate that he is entitled to equitable tolling because he has not shown that he pursued his rights diligently or established any extraordinary circumstances that prevented him from timely filing a federal habeas petition. ECF Doc. 9 at 18-19.  He argues that Montez demonstrated a lack of diligence in filing a timely habeas petition because: (i) the unavailability of transcripts does not entitle one to equitable tolling; (ii) Montez did not need the transcripts, because habeas petitions do not require them,

10

and the instant petition reiterates the same grounds asserted in Montez's state post-conviction proceedings; and (iii) Montez failed to appeal the denials of his motion for delayed appeal and his petition to vacate his conviction. *Id.* Warden Forshey further argues that the impact of the COVID-19 pandemic cannot be considered an extraordinary circumstance that prevented Montez from filing a timely habeas petition, because COVID-19 did not start until March 2020—well after the petition was due on November 13, 2019. *Id.* at 19. In his traverse, Montez fails to provide any arguments concerning equitable tolling and provides no further explanation as to the tardiness of his habeas petition.[2] *See* ECF Doc. 10.

Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S 631, 645 (2010). If a petitioner seeks equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation marks omitted). The diligence required for equitable tolling purposes is "reasonable diligence … not maximum diligence." *Id.* at 653 (quotation marks omitted; citations omitted). Specifically, the petitioner must show diligence in filing a federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). The second prong of equitable tolling requires both that the circumstance be extraordinary and beyond the petitioner's control. *Menominee Indian Tribe v. United States*, 577 U.S. 250, 256-57 (2016).

Although equitable tolling is determined on a case-by-case basis, caselaw provides some useful guideposts. *Keeling*, 673 F.3d at 462. Being diligent in pursuing state post-conviction relief, for example, is no substitute for a lack of diligence in pursuing federal habeas relief.

---

[2] Montez generally raises arguments that go to the merits of his claims and concern state impediments and circumstances that affected his ability to file a timely appeal, but he does not explain why he failed to file a timely habeas petition or how he was obstructed from doing so. *See* ECF Doc. 10.

11

*Vroman*, 346 F.3d at 606.  And the Sixth Circuit has made it plain what circumstances are *not* extraordinary.  *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751-53 (6th Cir. 2011) (lack of transcripts or the state court record, pro se status, and limited law library access); *Keeling*, 673 F.3d at 464 (pro se status and ignorance of the law); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy and lack of education).  Ultimately, courts use equitable tolling sparingly, and it up to the petitioner to prove he is entitled to it.  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Here, Montez did not diligently pursue the filing of his habeas petition and has not pointed to any factor outside of his control that prevented him from filing a timely petition. *Holland*, 560 U.S. at 649; *see generally* ECF Doc. 1; ECF Doc. 10.  Although Montez attempted to revive his appellate rights through his motion for a delayed appeal and his petition to vacate his conviction, his efforts did not demonstrate the "reasonable diligence" required to warrant equitable tolling.  After his motions and post-conviction petition were denied, Montez failed to appeal the decisions, as applicable, either to the Ohio Supreme Court or Ohio Court of Appeals. Nor has Montez sufficiently demonstrated that he was incapable of filing his habeas petition within the 225 days remaining on the statute of limitations after the trial court denied his petition to vacate on April 1, 2019.  Montez's alleged lack of access to transcripts and the state record does not qualify as an extraordinary circumstance, *see Hall*, 662 F.3d at 751-53; and COVID-19 could not have impacted Montez's ability to file a timely habeas petition because the statutory deadline was November 19, 2019 - long before the pandemic allegedly impacted his access to the prison library or his ability to file a petition.  Thus, Montez has not established a basis for equitable tolling.

**B.      Actual Innocence**

There is also an equitable exception to the one-year limitations period when a petitioner

makes a "convincing showing of actual innocence."  *McQuiggin v. Perkins*, 569 U.S. 383, 386,

(2013).  Actual innocence claims must be supported by "new reliable evidence" that

demonstrates factual innocence, not merely the legal insufficiency of the conviction.  *See Schlup*

*v. Delo*, 513 U.S. 298, 324 (1995); *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Montez has not established that he can overcome his untimeliness under the

"actual-innocence exception."  None of Montez's grounds for relief is premised on a claim of

actual innocence—with two claims attacking the legal sufficiency of his underlying convictions

(Grounds Two and Four), one claim for ineffective assistance of counsel (Ground Three), and a

final claim for denial of due process (Ground One).  Moreover, Montez has not submitted new,

reliable evidence with his § 2254 petition, or with his traverse, showing that he is factually

innocent of his underlying convictions.  Accordingly, because Montez has not produced any new

evidence showing that he is actually innocent, Montez has not met his burden to show that an

exception to AEDPA's one-year statute of limitations would permit this court to look past his

failure to time a timely petition.  I would recommend that the Court deny his petition on this

basis.

## IV.    Other Issues

Warden Forshey diligently addressed other issues and concerns respecting Montez's

petition, including the procedural default of all claims, the lack of cognizability of certain claims,

and the lack of merit of any claim.  Certainly, the undersigned could do the same.  However,

because the outcome of the AEDPA statute of limitations analysis is beyond reasonable dispute,

it seems an inefficient use of judicial resources to do so.  I will make one observation to clarify

for the benefit of Petitioner Montez why the dismissal of his federal claims would be required even if he had some means to escape the impact of the AEDPA statute of limitations.

Before coming to federal court, a state habeas petitioner must give the state courts an opportunity to act on his federal constitutional claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original).  If the petitioner hasn't done so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).  For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have raised at each and every stage of state review.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  And the petitioner must have presented "his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law."  *Williams*, 460 F.3d at 807 (quotation marks omitted).

Montez attempted three post-conviction efforts to raise the sort of claims now embodied in his federal habeas petition.  As described above, in none of those situations did he pursue those claims "at each and every stage of state review."  When denied leave to pursue a delayed appeal by the Ohio Court of Appeals, Montez did not seek to have that decision reviewed by the Ohio Supreme Court.  When the trial court denied Montez post-conviction relief or the right to have his conviction vacated, he did not seek to have those rulings reviewed by the Ohio Court of Appeals or the Ohio Supreme Court.

When a federal petitioner has not presented his federal claims at all the review levels in state court, federal courts are not permitted to review those claims.  Thus, we *cannot* review Montez's claims, unless he can show that there was some cause for his failure to seek state

14

review through all the levels of the state system (that he was not responsible for), and that his

failure to have his claims reviewed in our court would cause him to suffer prejudice.  *Maupin v.*

*Smith,* 785 F.2d 135, 138 (6th Cir. 1986).  Montez has not argued any cause for his failure to

seek full state review.  Once we conclude cause has not been established, it is unnecessary to

evaluate whether prejudice exists.

Even if procedural default is not subject to excuse because of demonstrated cause and

prejudice, a federal habeas court can consider a defaulted claim in order to correct a fundamental

miscarriage of justice.  *See Smith v. Warden, Toledo Corr. Inst.,* 780 F. App'x 208, 220-21 (6th

Cir. 2019) (explaining that a "fundamental miscarriage of justice" requires the petitioner to show

that his claim is based on *new evidence* that would reasonably have led jurors to conclude that he

was actually innocent).  As discussed above, Montez has not offered any new evidence in

support of an actual innocence claim.  That necessarily means he has failed to substantiate a

fundamental miscarriage of justice claim.

Thus, even if Montez's claims were not barred by the AEDPA statute of limitations, we

would be required to dismiss the claims on the ground that they are all procedurally defaulted.

Our court is simply not permitted to offer any analysis of the merits of the claims.

V.      **Certificate of Appealability**

In order to appeal the denial of federal habeas relief, the petitioner must obtain a

certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1).  To receive a COA, the petitioner

must make a "substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).

Specifically, he must show that "jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  And when a claim was denied on procedural grounds, the petitioner "must show that reasonable jurists could disagree about the both the procedural ruling and the underlying constitutional claim."  *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (citing *Slack*, 529 U.S. at 484).

If the court accepts my recommendation, Montez will not be able to show that the dismissal of his claims as untimely under AEDPA's one-year statute of limitations is debatable among jurists of reason.  Montez's deadline to file a timely habeas petition expired on November 19, 2019 at the latest.  He did not file his petition until February 24, 2021.  He has not met his burden to show that he is entitled to equitable tolling.  He has not presented an actual innocence claim.  Because jurists of reason would not find debatable the conclusion that Montez's petition is untimely or that he has not shown that he is entitled to proceed notwithstanding his failure to file a timely petition, I recommend that no COA issue in this case.

## VI.      Recommendation

Because Montez's petition is untimely under AEDPA's one-year statute of limitations, I recommend that Montez's claims be DISMISSED and his petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.  I further recommend that Montez not be granted a COA.

Dated: July 18, 2023

Thomas M. Parker
United States Magistrate Judge

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§

636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).